IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WALTER JAMES BROOKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 3:22cv687-WKW-CSC |
| KAREN CARTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Respondents have filed an answer (Doc. 12) in which they argue that Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus is time-barred by the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d).[1] Respondents also argue that Petitioner failed to exhaust his claims in the state courts and that his claims are therefore procedurally defaulted.[2] Finally, the Respondents argue that law and justice require denying Brooks'

---

[1] Section 2244(d)(1) provides that a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court and that it runs from the latest of (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date the on which constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for failing to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). Even if Petitioner fails to show cause and prejudice, a procedural

(Continued… )

petition.  By Order of January 6, 2023, Brooks was given the opportunity to demonstrate why his 2254 petition should not be dismissed because it was not filed within the one-year limitation period in 28 U.S.C. 2244(d) and for the other reasons asserted by Respondents. (Doc. 13).  Brooks failed to file any response to this Order.

Brooks admits in his petition filed with this Court that he did not file an appeal in the Alabama Court of Criminal Appeals challenging his original conviction or the revocation of this conviction.  (Doc. 1).  Brooks also admits that he did not file a post-conviction petition pursuant to Rule 32 of the Alabama Rules of Civil Procedure.  For the reasons discussed below, the Court recommends that Brook's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

I.   **BACKGROUND**

   A.   **State Court Proceedings**

The record demonstrates that in 2009 Brooks was indicted and charged with attempted first-degree rape, a violation of Sections 13A-4-2 and 13A-6-61 of the Code of Alabama (1975).  On February 26, 2009, Brooks pleaded guilty as charged and was

---

default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner can show that the Court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier,* 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address time-barred or procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

sentenced to 240 months' imprisonment, split to serve 60 months. On September 28, 2013, Brooks probation commenced. Subsequently, he was arrested for violating his probation and his probation was revoked for 90 days. On April 4, 2016, Brooks probation was revoked again, and he was ordered to serve the remainder of his sentence.

### B. Brooks' § 2254 Petition

On December 5, 2022, Brooks initiated this federal habeas action in a pro se petition under 28 U.S.C. § 2254. In his petition, Brooks claims that: 1) trial counsel failed to provide effective assistance in that he did not object to a material ingredient omitted from the indictment and failed to investigate the case thoroughly; 2) trial counsel failed to provide petitioner with adequate notice of the charge and elements of the offense pursuant to Article IV Section 106 of the mandatory notice requirements; 3) trial court lacked exclusive subject matter jurisdiction over the criminal prosecution of attempted rape in the first degree because the indictment failed to charge the offense of attempted rape in the first degree; 4) the sentence imposed exceeds the maximum authorized by law because the twenty-year sentence exceeds the maximum authorized by law for a Class C felony under the statute. (Doc. 1 at pp. 5-10).

Brooks admits in his petition filed with this Court that he did not file an appeal in the Alabama Court of Criminal Appeals challenging his original conviction or the revocation of this conviction. Brooks also admits that he did not file a post-conviction

3

petition pursuant to Rule 32 of the Alabama Rules of Civil Procedure. (Doc. 1). Respondents argue that Brooks' § 2254 petition is time-barred. (Doc. 12). The Court agrees and recommends that the petition be DENIED without an evidentiary hearing and DISMISSED with prejudice.

## II. DISCUSSION

### A. AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B.   Computation of Timeliness of Brooks' Petition

In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Brooks pleaded guilty on February 26, 2009.[3] (Exhibits A and B.)

Pursuant to Rule 4 of the Alabama Rules of Appellate Procedure, Brooks had forty-two days from February 26, 2009, to appeal his conviction, i.e., until April 9, 2009. Brooks did not file a notice of appeal. Accordingly, his conviction became final on April 9, 2009. *McCloud v. Hooks*, 560 F.3d 1223, 1228 (11th Cir. 2009) ("Alabama also provides that a judgment becomes final either at the conclusion of direct review or forty-two days after the sentence is entered, which is the time in which an appeal may be taken."). Pursuant to AEDPA, Brooks had one year from April 9, 2009—i.e., April 9, 2010—to file a petition for writ of habeas corpus. Brooks did not file the instant petition until November 30, 2022,

---

3  In his petition, Brooks asserts that his judgment was entered on April 4, 2016. (Doc. 1 at 1.) However, April 4, 2016, is when his probation in the instant case was revoked. (Exhibit F.) He was originally convicted and sentenced on February 26, 2009. (Exhibits A and B.)

5

over twelve years late. Moreover, Brooks did not have a properly-filed post-conviction application pending in state court at any time; accordingly, he is not entitled to statutory tolling. Therefore, his petition is untimely.

    **1.    Statutory Tolling**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Brooks filed no state postconviction petitions—e.g., a petition under Rule 32 of the Alabama Rules of Criminal Procedure—challenging his convictions and sentence. Therefore, he does not benefit from tolling under § 2244(d)(2).

Brooks also sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C); or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the factual predicate for any of his claims could not have been discovered earlier through the exercise of due diligence.

To the extent Brooks argues that his § 2254 petition isn't subject to AEPDA's statute of limitations because his claims implicate the state trial court's jurisdiction, (Doc. 1 at p. 8), Brooks' argument lacks merit. There is no exception to AEDPA's limitations period in

§ 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Casey v. Forniss*, 2017 WL 6887095, at *4 (M.D. Ala. Dec. 14, 2017) (same). Thus, Brooks claims are not exempt from application of AEDPA's statute of limitations.

### 2. Equitable Tolling

The AEDPA statute of limitations can be tolled on an equitable basis when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587

F.3d 1304, 1308 (11th Cir. 2009). Here, Brooks makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitations period in his case. As such, Brooks' § 2254 petition is time-barred under AEDPA.

### C. Actual Innocence

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Brooks presents no claim or argument that he is actually innocent, and he points to no evidence, much less "new reliable evidence," to support a claim he was factually innocent of the offenses for which he was convicted. A claim of actual innocence must be supported by "reliable evidence not presented at trial." *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). Because Petitioner fails to make a claim for actual innocence which points to new reliable evidence, he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. Therefore, the claims in his time-barred § 2254 petition are not subject to federal habeas review.

## III.   CONCLUSION

It is the RECOMMENDATION of the undersigned Magistrate Judge that Brooks' 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **March 28, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of March 2023.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE